# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NICANOL COLLAZO, III,
          Appellant,

     v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
PH-3443-21-0263-I-1

DATE: July 29, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Nicanol Collazo, III, Barrington, New Jersey, pro se.

Theresa M. Gegen, Esquire, Dallas, Texas, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## REMAND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2      In 2020, the appellant, an EAS-17 Supervisor, Distribution Operations at the agency's Philadelphia Processing and Distribution Center (Philadelphia P&DC), requested a reasonable accommodation for his post-traumatic stress disorder (PTSD). Initial Appeal File (IAF), Tab 1 at 1, 5, Tab 6 at 6, 10-11, 44. On December 3, 2020, his treating physician submitted a form in support of his request, wherein he indicated that "[the appellant's PTSD] makes it essential that he work daytime hours during business hours and that his schedule be kept consistent" because working night shift and weekend hours exacerbates his condition. IAF, Tab 5 at 57-58. On December 10, 2020, the appellant participated in a meeting with the District Reasonable Accommodation Committee (DRAC). IAF, Tab 5 at 53-54. In a letter dated December 18, 2020, the DRAC determined that "there [were] no available accommodations that [met his] request at the present time." IAF, Tab 5 at 47. They did however identify a vacant position at the Philadelphia P&DC in his current pay grade, level 17, which was available for the appellant to request as a lateral transfer. *Id.* They also provided the appellant with a list of vacant positions outside of the Philadelphia P&DC, as he indicated that he would be willing to travel up to 25 miles, which were available for the appellant to request as a lateral transfer. *Id.* Thereafter, the appellant requested a noncompetitive lateral transfer to the position of Network Specialist, which the agency denied on January 18, 2021, due to his performance and failure to be in regular attendance. IAF, Tab 1 at 5, Tab 5 at 43. Shortly thereafter, the agency offered the appellant a detail assignment to a Network Specialist position for up to 90 days. IAF, Tab 5 at 30. According to the appellant, the detail assignment was outside of his medical restrictions. IAF, Tab 1 at 5. Subsequently in a letter dated April 14, 2021, the agency denied his

request for a reasonable accommodation as he had declined an offered accommodation that was very close to his ideal requested schedule, and he had made no other efforts to bid on positions competitively and/or laterally. IAF, Tab 5 at 25-27.

¶3      The appellant filed an appeal with the Board, challenging the agency's denial of his accommodation and requesting a hearing. IAF, Tab 1 at 2-3, 5. The administrative judge informed the appellant that the Board may not have jurisdiction over his alleged failure to accommodate claim. IAF, Tab 2 at 2-4. He explained, however, that the Board might have jurisdiction if the appellant was raising his claim in conjunction with a Uniformed Services Employment and Reemployment Rights Act of 1994 appeal, a Veterans Employment Opportunities Act of 1998 appeal, or an individual right of action appeal, and he ordered the appellant to file evidence and argument to establish why the appeal should not be dismissed for lack of jurisdiction. *Id.* The appellant did not respond. In an initial decision, the administrative judge dismissed the appeal without holding the requested hearing, finding that the appellant failed to make a nonfrivolous allegation of Board jurisdiction. IAF, Tab 6, Initial Decision (ID) at 1, 4.

¶4      The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      On review, the appellant is challenging the initial decision, which dismissed his appeal for lack of jurisdiction. PFR File, Tab 1. The appellant has not raised a specific jurisdictional challenge on appeal or petition for review; however, the issue of jurisdiction is always before the Board and may be raised by either party or sua sponte by the Board at any time during a Board proceeding.[2] *Poole v.*

---

[2] The jurisdictional order issued by the administrative judge generally advised the appellant of his burden of establishing the Board's jurisdiction, including the threshold

*Department of the Army*, [117 M.S.P.R. 516](), ¶ 9 (2012). Below, and on review, the appellant alleges that the agency wrongfully denied him a reasonable accommodation. IAF, Tab 1 at 5; PFR File, Tab 1 at 2-6, 24-27. Further, he ostensibly asserts that the agency had vacant positions that it could have, but failed to, reassign him to as a reasonable accommodation. IAF, Tab 1 at 5; PFR File, Tab 1 at 2-6, 24-27.

The appellant nonfrivolously alleged that the agency constructively suspended him based on its decision to deny his reasonable accommodation request.

¶6      The Board lacks jurisdiction over appeals of an employee's voluntary actions. *O'Clery v. U.S. Postal Service*, [67 M.S.P.R. 300](), 302 (1995), *aff'd*, 95 F.3d 1166 (Fed. Cir. 1996) (Table); [5 C.F.R. § 752.401](b)(b)(9). However, the Board has recognized that employee-initiated actions that appear voluntary on their face are not always so and that the Board may have jurisdiction over such actions as constructive adverse actions under chapter 75. *Bean v. U.S. Postal Service*, [120 M.S.P.R. 397](), ¶¶ 7-8 (2013). Although various fact patterns may give rise to an appealable constructive suspension, all constructive suspension claims have two things in common: (1) the employee lacked a meaningful choice

---

requirement for receiving a hearing on jurisdiction. IAF, Tab 2. However, the order did not explicitly inform the appellant of what is required to establish jurisdiction over a potential constructive suspension claim. *See Burgess v. Merit Systems Protection Board*, [758 F.2d 641](), 643-44 (Fed. Cir. 1985) (finding that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue); *see also Sage v. Department of the Army*, [108 M.S.P.R. 398](), ¶ 7 (2008) (remanding the appeal with instructions to advise the appellant of the elements of a constructive suspension claim). Nonetheless, the lack of *Burgess* notice did not prejudice the appellant's substantive rights because the agency's response put him on notice of what he must do to establish jurisdiction over an alleged constructive suspension claim on review. IAF, Tab 5 at 17-20; *see Easterling v. U.S. Postal Service*, [110 M.S.P.R. 41](), ¶ 11 (2008) (finding that an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings provide information on what is required to establish an appealable jurisdictional issue, thus affording the appellant an opportunity to meet his jurisdictional burden on petition for review). As such, we conclude that the administrative judge's error is of no legal consequence because it did not adversely affect the appellant's substantive rights. *See Panter v. Department of the Air Force*, [22 M.S.P.R. 281](), 282 (1984).

in the matter; and (2) it was the agency's wrongful actions that deprived the employee of that choice. *Id.* Assuming that the jurisdictional requirements of 5 U.S.C. chapter 75 are otherwise met, proof of these two things is sufficient to establish Board jurisdiction. *Id.*

¶7 If an appellant makes a nonfrivolous allegation of fact establishing Board jurisdiction, he is entitled to a hearing at which he must prove jurisdiction by preponderant evidence. *Thomas v. Department of the Navy*, 123 M.S.P.R. 628, ¶ 11 (2016). A nonfrivolous allegation of Board jurisdiction is an allegation of fact that, if proven, could establish that the Board has jurisdiction over the matter at issue. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994); 5 C.F.R. § 1201.4(s). As set forth above, the appellant alleged that the agency denied his reassignment to a vacant position within his restrictions despite finding him eligible for a reasonable accommodation. PFR File, Tab 1 at 2-4, 22-26; IAF, Tab 1 at 5. He also alleged that he was out of work without pay for almost a month in emails to the agency. PFR File, Tab 1 at 10-11.

¶8 We find that the appellant has, by these claims, made a nonfrivolous allegation that he was constructively suspended. *See Bean*, 120 M.S.P.R. 397, ¶¶ 13-14. Like the appellant in *Bean*, the appellant appears to claim that the agency compelled him to absent himself from work because his only alternative was to work in violation of his medical restrictions and that the agency forced him into this untenable position by improperly failing to accommodate his condition. *Id.*, ¶ 14. There is no dispute that the other jurisdictional prerequisites of chapter 75 otherwise appear to be satisfied because the appellant is a preference-eligible, supervisory Postal Service employee with more than 1 year of current continuous service, and his absence lasted for more than 14 days. IAF, Tab 1 at 1, Tab 5 at 6; *see* 5 U.S.C. §§ 7511(a)(1)(B)(ii), 7512(2). Therefore, under the principles set forth above, we remand this appeal for further development of the record and a jurisdictional hearing.

¶9     On remand, the administrative judge should consider whether the appellant's medical condition would have compelled a reasonable person to take a leave of absence rather than accept a detail outside of his medical restrictions and whether the agency improperly failed to offer the appellant reassignment or an alternative accommodation that would have allowed him to continue working. We also note that enforcement guidance issued by the Equal Employment Opportunity Commission (EEOC) provides that "[r]eassignment means that the employee gets the vacant position if [he] is qualified for it. Otherwise, reassignment would be of little value and would not be implemented as Congress intended." *See* EEOC Enforcement Guidance: Reasonable Accommodation and Undue Hardship Under the Americans with Disabilities Act, Question 29, Notice 915.002, 2002 WL 31994335 (Oct. 17, 2002).

## ORDER

¶10    For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.